**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONGJIE LU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-977

Agency No.
A205-184-447

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Dongjie Lu, a native and citizen of the People's Republic of China,

petitions for review of the order of the Board of Immigration Appeals (BIA)

dismissing his appeal from the decision by the Immigration Judge (IJ) finding

him removable and denying his applications for asylum, withholding of removal,

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[1]

1. The agency did not abuse its discretion in determining that Lu's conviction under section 245(a)(1) of the California Penal Code was a particularly serious crime barring him from eligibility for asylum and withholding of removal. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (holding that our review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion" (cleaned up)). The agency performed an individualized analysis of "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (brackets omitted) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)). We cannot "reweigh the evidence and reach our own determination about the crime's seriousness." *See Avendano-Hernandez*, 800 F.3d at 1077. Moreover, although a person's mental state at the time of the crime is relevant, *see Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018), Lu did not assert before the IJ that he suffered from a mental condition when he committed the crime. Instead, he claimed that he did not commit the crime and was innocent. Accordingly, the BIA did not err in

---

[1] The temporary stay of removal remains in place until the issuance of the mandate. The motion for a stay of removal is otherwise denied.

rejecting the argument. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (noting that claims not raised before the IJ are "not appropriate for [the BIA] to consider . . . for the first time on appeal"). Because the agency properly found that Lu's prior felony conviction constitutes a particularly serious crime, he is ineligible for asylum and withholding of removal.

2.     Substantial evidence supports the agency's denial of deferral of removal under CAT, because Lu failed to show it is more likely than not that he would be tortured if returned to China. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022). Lu did not suffer past torture, *see Ruiz-Colmenares v. Garland*, 25 F.4th 696, 704 (9th Cir. 2022), and "generalized evidence of violence and crime" in China is not particular to Lu, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Accordingly, we deny the petition with respect to Lu's CAT claim.

**PETITION FOR REVIEW DENIED.**